11-2475-cv
*European Community v. RJR Nabisco*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2011

(Petition for Rehearing Submitted: May 7, 2014

Petition for Rehearing Decided: August 20, 2014)

Docket No. 11–2475–cv

EUROPEAN COMMUNITY, acting on its own behalf
and on behalf of the Member States it has power to
represent, KINGDOM OF BELGIUM, REPUBLIC OF
FINLAND, FRENCH REPUBLIC, HELLENIC
REPUBLIC, FEDERAL REPUBLIC OF GERMANY,
ITALIAN REPUBLIC, GRAND DUCHY OF
LUXEMBOURG, KINGDOM OF THE
NETHERLANDS, PORTUGUESE REPUBLIC,
KINGDOM OF SPAIN, individually, KINGDOM OF
DENMARK, CZECH REPUBLIC, REPUBLIC OF
LITHUANIA, REPUBLIC OF SLOVENIA, REPUBLIC
OF MALTA, REPUBLIC OF HUNGARY, REPUBLIC
OF IRELAND, REPUBLIC OF ESTONIA, REPUBLIC
OF BULGARIA, REPUBLIC OF LATVIA, REPUBLIC
OF POLAND, REPUBLIC OF AUSTRIA, KINGDOM
OF SWEDEN, REPUBLIC OF CYPRUS, SLOVAK
REPUBLIC, and ROMANIA,

*Plaintiffs–Appellants*,

v.

RJR NABISCO, INC., R.J. REYNOLDS TOBACCO
COMPANY, R.J. REYNOLDS TOBACCO
INTERNATIONAL, INC., RJR ACQUISITION CORP.,
f/k/a NABISCO GROUP HOLDINGS CORP., RJR
NABISCO HOLDINGS CORP., R.J. REYNOLDS

TOBACCO HOLDINGS, INC., NABISCO GROUP HOLDINGS CORP., R.J. REYNOLDS GLOBAL PRODUCTS, INC., REYNOLDS AMERICAN INC., R.J. REYNOLDS TOBACCO COMPANY, a North Carolina Corporation,

*Defendants–Appellees.*

---

Before:        LEVAL, SACK, *and* HALL, *Circuit Judges.*

The defendants–appellees sought panel and *en banc* rehearing of this Court's decision (Leval, *Judge*) vacating the judgment of the United States District Court for the Eastern District of New York (Garaufis, *Judge*) dismissing the complaint against them. The defendants–appellees urge us to affirm on the ground that the plaintiffs were required to allege domestic injuries for each of the statutory violations pled in their complaint. The panel concludes that this argument is without merit, and the petition for panel rehearing is therefore

DENIED.

> JOHN J. HALLORAN, JR., Speiser, Krause, Nolan & Granito, New York, N.Y. (Kevin A. Malone, Carlos A. Acevedo, Krupnick Campbell Malone Buser Slama Hancock Liberman & McKee, P.A., Fort Lauderdale, Fla., *on the brief*), *for Plaintiffs-Appellants.*

> GREGORY G. KATSAS, Jones Day, Washington, D.C. (David M. Cooper, Mark R. Seiden, Jones Day, New York, N.Y., *on the brief*), *for Defendants-Appellees.*

> LEWIS S. YELIN, Attorney, Appellate Staff, Civil Division, Department of Justice, Washington, D.C. (Harold Hongju Koh, Legal Advisor, Department of State,

Washington, D.C.; Tony West, Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.; Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, N.Y.; Douglas N. Letter, Attorney, Appellate Staff, Civil Division, Department of Justice, Washington, D.C., *on the brief*), *for Amicus Curiae United States of America in support of neither party*.

PER CURIAM:

In their petition for panel and *en banc* rehearing, the defendants–appellees (collectively, "RJR") contend, among other things, that the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1961 *et seq.*, requires private plaintiffs to allege a domestic injury, and that this requirement offers an independent basis upon which to dismiss the complaints in this action to the extent that they fail to allege such injuries. We conclude that RICO imposes no such requirement. The petition for panel rehearing is therefore denied.

## DISCUSSION

The RICO statute allows "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. §] 1962" to sue for and recover treble damages and attorneys' fees. 18 U.S.C. § 1964(c). RJR argues that, regardless of whether the conduct giving rise to this injury may be extraterritorial, the injury itself must be domestic. *See* Pet. for Reh'g 2, 12. We are not persuaded.

RJR urges us to infer from a paragraph added on rehearing to this Court's decision in *Norex Petroleum Ltd. v. Access Industries, Inc.*, 631 F.3d 29 (2d Cir. 2010) (*per curiam*), a holding that § 1964(c), which forms the basis for the plaintiffs' claim here, requires allegation of a

3

domestic injury.  But that added language did no more than confirm that *Norex* dealt only with private causes of action, and that we had no occasion to decide whether RICO could reach extraterritorial conduct "when enforced by the government pursuant to Sections 1962, 1963 or 1964(a) and (b)."  *Id.* at 33.  Nowhere in *Norex* did we consider or decide whether § 1964(c) requires a domestic injury.  We see no reason to construe RICO to include such a requirement.

To establish a compensable injury under § 1964(c), a private plaintiff must show that (1) the defendant "engage[d] in a pattern of racketeering activity in a manner forbidden by" § 1962, and (2) that these "racketeering activities" were the proximate cause of some injury to the plaintiff's business or property.  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985); *Holmes v. Secs. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992).

The Supreme Court has stated unequivocally that "the compensable injury" addressed by § 1964(c) "necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern."  *Sedima*, 473 U.S. at 497; *accord Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006).  "If the defendant engages in a pattern of racketeering activity in a manner forbidden by [§ 1962(a)–(c)], and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c)."  *Sedima*, 473 U.S. at 495.  Although we have distinguished *Sedima* when deciding that a plaintiff pursuing a cause of action for a violation of § 1962(a) must plead an "injury from the defendants' investment of racketeering income in an enterprise," *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990), the Supreme Court's conclusion that RICO's remedial provisions are addressed to violations of RICO predicates still stands when applied to §§ 1962(b), (c)

4

and conspiracies to commit violations of those sections charged under § 1962(d).[1]

The *Sedima* court's conclusion that § 1964(c)'s injury requirement focuses on RICO's predicates dovetails with the extraterritoriality analysis set forth in the panel opinion in this case. Just as "the extraterritorial application of RICO [is] coextensive with the extraterritorial application of the relevant predicate statutes," Am. Slip Op. at 16:18–19, we look to the relevant predicate statute to determine whether the injury caused by a violation thereof must be domestic. If an injury abroad was proximately caused by the violation of a statute which Congress intended should apply to injurious conduct performed abroad, we see no reason to import a domestic injury requirement simply because the victim sought redress through the RICO statute. This conclusion is consistent both with "Congress' self-consciously expansive language and overall approach," as well as "its express admonition that RICO is to 'be liberally construed to effectuate its remedial purposes.'" *Sedima*, 473 U.S. at 498 (quoting Pub. L. No. 91–452, § 904(a), 84 Stat. 922, 947 (1970)). The presumption against extraterritoriality, which is primarily concerned with the question of what *conduct*

---

[1] Simultaneously with the filing of this opinion, we have amended the original panel opinion in this case to reflect the fact that the plaintiffs have pled a domestic investment with respect to their claims under § 1962(a). As discussed in the panel opinion, the plaintiffs have also alleged that RJR engaged in conduct in the United States satisfying every essential element of each RICO predicate statute that does not apply extraterritorially. Under the circumstances, we see no reason why the plaintiffs should further be required to plead that the injury they suffered from the alleged domestic investment occurred in the United States.

falls within a statute's purview, does not require a different result. *See, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (referring to the question of a statute's extraterritorial application as a question of "what conduct [the statute] reaches").

On the facts of this case, we conclude that the plaintiffs are not required to plead that their alleged injuries actually occurred in the United States.

The petition for panel rehearing is therefore DENIED.